UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>MARIO JACOB SAPP,<br><br>　　　　　　Defendant. | Case No. 2:15-cr-00221-KJD-NJK<br><br>ORDER AND<br>REPORT &  RECOMMENDATION<br><br>(Docket No. 34) |

This matter was referred to the undersigned Magistrate Judge on Defendant Mario Jacob Sapp's Motion to Dismiss Indictment. Docket No. 34. The Court has considered Defendant's Motion, the United States' Response, Defendant's Reply, and the sealed affidavit submitttted by defense counsel. Docket Nos. 34, 35, 38, 39.

## I.    BACKGROUND

On July 28, 2015, a federal grand jury sitting in Las Vegas, Nevada issued an indictment charing Defendant with one count of felon in possession of a firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2), and one count of felon in possession of ammunition, in violation of Title 18 United States Code, Sections 922(g)(1) and 924(a)(2). Docket No. 1. Defendant now seeks a dismissal of the indictment. Docket No. 34.

Defendant asks the Court to order the United States to produce to him the grand jury transcript and all supporting documents. *Id*. at 2. Defendant submits that the United States has refused to produce this information to him because it does not intend to call its Grand Jury witness at trial. *Id*. Defendant contends that he needs the information because he "must have the ability to analyze the evidence and testimony presented to the Grand Jury to competently prepare his defense for trial and to determine whether a motion to dismiss the Indictment is necessary due to flaws in the

1  grand jury process." *Id*. Further, without the information, Defendant states that he "cannot evaluate
2  the correctness of the charges he is facing and of the grand jury process in his case." *Id*. at 4.
3  Defendant therefore asks the Court to order the United States to immediately produce the Grand Jury
4  transcript and all supporting documentation to him immediately and, if the information is not
5  produced, Defendant asks the Court to dismiss the indictment against him. *Id*.

6  In response, the United States submits that Defendant wants the grand jury transcript "simply
7  to see if anything is there," which "is wholly inconsistent with the Federal Rules of Criminal
8  Procedure, the *Jencks* Act ... and case law." Docket No. 35 at 2. Further, the United States submits
9  that Defendant's motion "fails to articulate any particularized need which is sufficient to outweigh
10 the longstanding policy" of grand jury secrecy. *Id*. The United States contends that Defendant has
11 not made an accusation of misconduct before the grand jury; has not identified any ground that exists
12 to dismiss the Indictment due to a matter that occurred before the grand jury; and has not specifically
13 challenged the sufficiency of the Indictment returned by the grand jury. *Id*. at 4. The United States
14 submits that Defendant has, essentially made a general unsubstantiated or speculative allegation of
15 impropriety, and has therefore failed to carry the burden required for production of grand jury
16 transcripts. *Id*. at 5. Thus, the United States asks the Court to deny Defendant's request for an order
17 requiring the United States to produce any grand jury transcripts in the instant case. *Id*. The United
18 States also asks the Court not to dismiss the Indictment. *Id*.

19 In reply, Defendant states that his motion is "necessary due to flaws he believes occurred in
20 the grand jury process." Docket No. 38 at 2. He notes that, "[i]nterestingly," similar requests for
21 grand jury transcripts "have been denied by the Government in many similar cases," and states that
22 such denials raise "many issues about the Government's handling of the Grand Jury." *Id*. Defendant
23 notes that, in its statement of facts, the United States "alleges that the Indictment arises 'out of an
24 incident where the Defendant got into a confrontation with a couple and fired a handgun at the male
25 half.'" *Id*. Defendant contends without supporting authority that, if that statement "is the limited and
26 incorrect information provided to the grand jury, the Indictment should be dismissed." *Id*. Further,
27 Defendant states that he requires the transcripts and documents from the grand jury "to determine
28 whether his rights have been violated by the prosecutor in presenting evidence to the Grand Jury."

*Id.* at 2-3. As Defendant believes that some of the issues and questions he has regarding the grand jury proceedings would unfairly reveal information about his defense, his counsel filed a sealed affidavit for the Court to review. *Id.* at 3. Finally, Defendant suggests, again without supporting authority, that the Court should review the grand jury transcripts and documents *in camera*. *Id.* Defendant asks the Court to order the United States to produce the grand jury material to him immediately and, if the United States fails to do so, to dismiss the indictment against him. *Id.*

## II.   ANALYSIS

While the instant motion is entitled a motion to dismiss the indictment it is, in reality, a motion for production of grand jury transcripts and documents. Both parties address their main arguments to the request for production of grand jury transcripts and documents, and both parties mention dismissal of the indictment only briefly. In fact, Defendant asks the Court to dismiss the indictment only after the Court orders the United States to produce the grand jury materials and the United States fails to do so. Docket No. 34 at 4; Docket No. 38 at 3. Additionally, Defendant fails to present any caselaw whatsoever regarding dismissal of the indictment in his motion. *See* Docket No. 34. Therefore, the Court construes the motion as a motion for production of grand jury transcripts and documents. *See* LCR 47-9 (failure of moving party to file points and authorities in support of motion "shall constitute a consent to the denial of the motion). Nonetheless, the Court will exercise its discretion to address the issue of dismissal.

     A.   Production of Grand Jury Transcripts

The general rule of secrecy of grand jury proceedings is essential to the purpose of the grand jury process. *United States v. Proctor and Gamble Co.*, 356 U.S. 677, 681 (1958). The exceptions to the general rule are few, as evidenced by Fed.R.Crim.P 6(e)(3). Under Rule 6(e)(3)(E), "[t]he court may authorize disclosure ... of a grand jury matter ... at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed.R.Crim.P. 6(e)(3)(E)(ii).

A request for disclosure of grand jury transcripts falls within the discretion of the trial court. *United States v. Murray*, 751 F.2d 1528, 1533 (9th Cir. 1985). The party seeking the disclosure must show a particularized and compelling need for the disclosure that outweighs the policy of grand jury

1  secrecy. *In re Grand Jury Investigation*, 642 F.2d 1184, 1191 (9th Cir. 1981); *see also Dennis v.
2  United States*, 384 U.S. 855, 870 (1996). Unsubstantiated speculative assertions of improprieties
3  do not supply the particular need required to outweigh the policy of grand jury secrecy. *See, e.g.,*
4  *United States v. Ferreboeuf*, 632 F.2d 832, 835 (9th Cir. 1980) (citations omitted). *See also United*
5  *States v. Walczak*, 783 F.2d 852, 857 (9th Cir. 1986) (defendant alleged no facts in support of request
6  for grand jury transcripts to determine if the testimony of officers improperly summarized testimony
7  of other agents; his request was therefore speculative and did not constitute particularized need);
8  *United States v. Johnston*, 2006 WL 276937, *1 (D.Ariz. Feb. 3, 2006) (defendant's desire to have
9  grand jury transcripts as discovery tool to help prepare motion to dismiss indictment does not
10 constitute particularized need that outweighs policy of secrecy).

11         B.     Dismiss Indictment

12         "Dismissal of an indictment is considered a 'drastic step' and is generally disfavored as a
13 remedy." *Guam v. Muna*, 999 F.2d 397, 399 (9th Cir. 1993) (quoting *United States v. Rogers*, 751
14 F.2d 1074, 1076-77 (9th Cir. 1985). In determining a motion to dismiss an indictment, "a court is
15 limited to the face of the indictment and must accept the facts alleged in that indictment as true."
16 *United States v. Ruiz-Castro*, 125 F. Supp. 2d 411, 413 (D. Haw. 2000) (citing *Winslow v. United*
17 *States*, 216 F.2d 912, 913 (9th Cir. 1954), *cert. denied*, 349 U.S. 922 (1955)). The indictment itself
18 should be "(1) read as a whole; (2) read to include facts which are necessarily implied; and (3)
19 construed according to common sense." *United States v. Blinder*, 10 F.3d 1468, 1471 (9th Cir. 1993)
20 (*citing United States v. Buckley*, 689 F.2d 893, 899 (9th Cir. 1982), *cert. denied*, 460 U.S. 1086
21 (1983)).

22         A grand jury has the task of determining whether probable cause exists to believe that a crime
23 has been committed and to believe that the person named in the indictment charged committed that
24 crime. The Fifth Amendment gives this institution independent stature. *See United States v.*
25 *Chanen*, 549 F.2d 1306, 1312 (9th Cir. 1977). Courts therefore are reluctant to intrude in its
26 proceedings.

27         The grand jury was intended to shield individuals against unfounded accusations. *See Wood*
28 *v. Georgia*, 370 U.S. 375, 390 (1962). The Supreme Court has repeatedly emphasized that the grand

jury protects the individual by requiring probable cause to indict. *See United States v. Williams*, 504 U.S. 36, 51 (1992) ("[T]he whole theory of [the grand jury's] function is that it . . . serve[s] as a kind of buffer or referee between the government and the people . . . to assess whether there is adequate basis for bringing a criminal charge."); *United States v. Dionisio*, 410 U.S. 1, 16-17 (1973) (grand jury's "mission is to clear the innocent, no less than to bring to trial those who may be guilty").

C. Judicial Oversight of Grand Jury

Judicial oversight of the grand jury necessarily implicates the balance of powers between the judicial and executive branches. The prosecutor properly has wide discretion in grand jury proceedings. *United States v. Kaplan*, 554 F.2d 958, 970 (9th Cir. 1977). This discretion, however, is not boundless. The Framers considered the grand jury an institution central to the protection of our basic liberties and interposed it in the law enforcement process to safeguard citizens against governmental oppression. *United States v. Calandra*, 414 U.S. 338, 343 (1974). The prosecutor may not circumvent this safeguard by overreaching conduct that deprives the grand jury of autonomous and unbiased judgment. If the grand jury is to accomplish either of its functions - independent determination of probable cause that a crime has been committed and protection of citizens against unfounded prosecutions - limits must be set on the manipulation of grand juries by overzealous prosecutors. *United States v. Samango*, 607 F.2d 877, 882 (9th Cir. 1979).

D. Prosecutorial Misconduct in Grand Jury

The district court's power to dismiss an indictment on the ground of prosecutorial misconduct is frequently discussed but rarely invoked. *Samango*, 607 F.2d at 881. Courts are rightly reluctant to encroach on the constitutionally-based independence of the prosecutor and grand jury. The court "will not interfere with the Attorney General's prosecutorial discretion unless it is abused to such an extent as to be arbitrary and capricious and violative of due process." *United States v. Welch*, 572 F.2d 1359, 1360 (9th Cir. 1978).

In order to warrant dismissal for prosecutorial misconduct, the misconduct must be "so grossly shocking and so outrageous as to violate the universal sense of justice." *United States v. King*, 200 F.3d 1207, 1213 (9th Cir. 1999) (citation and internal quotations omitted); *United States v. Green*, 962 F.3d 938, 941 (9th Cir. 1992) (citation omitted). To warrant dismissal on this ground,

a defendant "must prove that the government's conduct was 'so excessive, flagrant, scandalous, intolerable, and offensive as to violate due process.'" *Unites States v. Edmonds*, 103 F.3d 822, 825 (9th Cir. 1996) (*quoting United States v. Garza-Juarez*, 922 F.2d 896, 904 (9th Cir. 1993).

An indictment may be dismissed for prosecutorial misconduct only upon a showing of "flagrant error" that significantly infringes on the ability of the grand jury to exercise independent judgment and actually prejudices the defendant. *Bank of Nova Scotia v. United States*, 487 U.S. 250, 255-60 (1988) ("a district court may not dismiss an indictment for errors in grand jury proceedings unless such errors prejudiced the defendants"). *See also United States v. Larrazolo*, 869 F.2d 1354, 1357 (9th Cir.1988); *United States v. Thompson*, 576 F.2d 784, 786 (9th Cir. 1978). Federal courts draw their power to dismiss indictments from two sources, namely constitutional error and their inherent supervisory powers. *United States v. Isgro*, 974 F.2d 1091, 1094-99 (9th Cir.1 992); *United States v. De Rosa*, 783 F.2d 1401, 1404 (9th Cir. 1986). The district court's role as an overseer of the grand jury is limited, and it "may not exercise its 'supervisory power' in a way which encroaches on the prerogatives of the [prosecutor and grand jury] unless there is a clear basis in fact and law for doing so." *Chanen*, 549 F.2d at 1313. One challenging an indictment carries a difficult burden. He must demonstrate that the prosecutor engaged in flagrant misconduct that deceived the grand jury or significantly impaired its ability to exercise independent judgment. *United States v. Wright*, 667 F.2d 793, 796 (9th Cir. 1982). Courts will not invoke this harsh remedy lightly. *United States v. Al Mudarris*, 695 F.2d 1182, 1185 (9th Cir. 1983).

In *Bank of Novia Scotia*, the Supreme Court found that, since the record did not reveal any prosecutorial misconduct with respect to IRS agents giving misleading and inaccurate summaries to the grand jury, dismissal was not required. 487 U.S. at 260. The court found that the defendants' challenge to the summaries offered by IRS agents "boils down to a challenge to the reliability or competence of the evidence presented to the grand jury." *Id*. at 261. In *United States v. Calandra*, 414 U.S. 338, 344-45 (1974), the Supreme Court held that an indictment valid on its face is not subject to such a challenge. 414 U.S. at 344-45. Additionally, the Supreme Court has held that the mere fact that evidence presented to a grand jury itself is unreliable is not sufficient to require a dismissal of the indictment. *Costello v. United States*, 350 U.S. 359, 363 (1956) (a court may not

look behind the indictment to determine if the evidence upon which it was based is sufficient).  The Court further held:

> If indictments were to be held open to challenge on the ground that there was inadequate or incompetent evidence before the grand jury, the resulting delay would be great indeed.  The result of such a rule would be that before trial on the merits a defendant could always insist on a kind of preliminary trial to determine the competency and adequacy of the evidence before the grand jury.  This is not required by the Fifth Amendment.  An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits.  The Fifth Amendment requires nothing more.

*Id*. at 363.  Permitting defendants to challenge indictments on the ground that they are not supported by adequate or competent evidence "would run counter to the whole history of the grand jury institution, in which laymen conduct their inquiries unfettered by technical rules."  *Id*. at 364.

Further, it is well settled that an indictment may be based solely on hearsay.  *Costello*, 350 U.S. at 363-64.  An indictment based solely on hearsay evidence does not violate the Fifth Amendment; nothing more is constitutionally required of an indictment than that it be "returned by a legally constituted and unbiased grand jury."  *Id*. at 363.  In this circuit, that rule applies even if the government could have produced percipient witnesses.  *United States v. Seifert*, 648 F.2d 557, 564 (9th Cir. 1980).

Additionally, prosecutors have no duty to present exculpatory evidence to grand juries, including evidence regarding credibility of witnesses. *See Isgro*, 974 F.2d at 1096; *United States v. Al Mudarris*, 695 F.2d 1182, 1186 (9th Cir. 1983) ("The prosecutor has no duty to present to the grand jury all matters bearing on the credibility of witnesses or any exculpatory evidence.") (citing *United States v. Tham*, 665 F.2d 855, 862 (9th Cir.1981).  "The grand jury need not be advised of all matters bearing on the credibility of potential witnesses. Dismissal of an indictment is required only in flagrant cases in which the grand jury has been overreached or deceived in some significant way, as where perjured testimony has knowingly been presented . . . ." *United States v. Thompson*, 576 F.2d 784, 786 (9th Cir. 1978). *See also Jack v. United States*, 409 F.2d 522 (9th Cir. 1969); *Loraine v. United States*, 396 F.2d 335 (9th Cir. 1968).

Finally, "the mere fact that evidence itself is unreliable is not sufficient to require a dismissal of the indictment," and that "a challenge to the reliability or competence of the evidence presented to the grand jury" will not be heard. *Bank of Nova Scotia*, 487 U.S. at 261. "It would make little sense, we think, to abstain from reviewing the evidentiary support for the grand jury's judgment while scrutinizing the sufficiency of the prosecutor's presentation. A complaint about the quality or adequacy of the evidence can always be recast as a complaint that the prosecutor's presentation was 'incomplete' or 'misleading.'" *United States v. Williams*, 504 U.S. 36, 54 (1992). "Review of facially valid indictments on such grounds 'would run counter to the whole history of the grand jury institution[,] [and] [n]either justice nor the concept of a fair trial requires [it].'" *Id.*, quoting *Costello,* 350 U.S. at 364.

E.   Analysis

In his motion, Defendant submits that he needs the grand jury transcripts because "he must have the ability to analyze the evidence and testimony presented to the Grand Jury to competently prepare his defense for trial and to determine whether a motion to dismiss the Indictment is necessary due to flaws in the grand jury process." Docket No. 34. Defendant submits no facts in his motion to support this statement and, therefore, the Court finds that his request is unsubstantiated and speculative and therefore does not consitute the particular need required to outweigh the policy of grand jury secrecy. *See Walczak*, 783 F.2d at 857; *Ferreboeuf*, 632 F.2d at 835. In his reply, Defendant states his concern that "limited and incorrect information" provided in the United States' response to his motion was presented to the grand jury as a reason that the indictment should be dismissed. Docket No. 38 at 2. In addition to the fact that this reason, too, is speculation, "a challenge to the reliablity or competence of the evidence presented to the grand jury" is not sufficient for dismissal of an indictment. *Bank of Nova Scotia*, 487 U.S. at 261.

Additionally, the Court has carefully reviewed and analyzed the information contained in the sealed affidavit submitted by counsel. Docket No. 39.[1]  The Court finds that, under all relevant caselaw, the information in the sealed affidavit does not consitute the particular need required to

---

[1] The Court will not discuss this information directly, as it "would unfairly reveal information about the defense..." Docket No. 38 at 3.

outweigh the secrecy of the grand jury, and that Defendant has failed to show "that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed.R.Crim.P. 6(e)(3)(E)(ii).

Accordingly,

Based on the foregoing and good cause appearing therefore,

IT IS ORDERED that Defendant's request for the production of grand jury transcripts and documents (Docket No. 34) is **DENIED**.

IT IS RECOMMENDED that Defendant's Motion to Dismiss Indictment (Docket No. 34) be **DENIED**.

### NOTICE

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 11th day of January, 2016.

_____
NANCY J. KOPPE
United States Magistrate Judge