# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 2:15-CR-00221-KJD-NJK |
| v. | |
| MARIO JACOB SAPP, | **ORDER** |
| Defendant. | |

Before the Court for consideration is the Report and Recommendation (#40) of Magistrate Judge Nancy J. Koppe, entered January 11, 2016, recommending that Defendant's Motion to Dismiss Indictment and Request for Production of Grand Jury Transcripts and Documents (#34) be denied. Defendant timely filed an Objection to the Report and Recommendation on January 19, 2016 (#45), to which Plaintiff responded in opposition (#46).

On July 28, 2015, a federal grand jury sitting in Las Vegas, Nevada issued an indictment charging Defendant with one count of felon in possession of a firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2), and one count of felon in possession of ammunition, in violation of Title 18 United States Code, Sections 922(g)(1) and 924(a)(2). (#1). Defendant now seeks a dismissal of the indictment. (#34). Additionally, Defendant requested the Magistrate to order the United States to produce to him the grand jury transcript and all supporting documents. Id. at 2. Defendant contends, without supporting authority, that he needs the information because he "must have the ability to analyze the evidence and testimony presented to the Grand Jury to competently prepare his defense for trial and to determine whether a motion to dismiss the Indictment is necessary due to flaws in the grand jury process." Id.

Further, without the information, Defendant states that he "cannot evaluate the correctness of the charges he is facing and of the grand jury process in his case." Id. at 4. Defendant therefore requested the Magistrate to order the United States to immediately produce the Grand Jury transcript and all supporting documentation to him immediately and, if the information was not produced, Defendant requested the Magistrate to dismiss the indictment against him. Id.

The Court has conducted a *de novo* review of the record in this case in accordance with 28 U.S.C. § 636(b)(1) and LR IB 3-2.  A request for disclosure of grand jury transcripts falls within the discretion of the trial court. United States v. Murray, 751 F.2d 1528, 1533 (9th Cir. 1985). The party seeking the disclosure must show a particularized and compelling need for the disclosure that outweighs the policy of grand jury secrecy.  In re Grand Jury Investigation, 642 F.2d 1184, 1191 (9th Cir. 1981); see also Dennis v. United States, 384 U.S. 855, 870 (1996). Unsubstantiated speculative assertions of improprieties do not supply the particular need required to outweigh the policy of grand jury secrecy. See, e.g., United States v. Ferreboeuf, 632 F.2d 832, 835 (9th Cir. 1980) (citations omitted). See also United States v. Walczak, 783 F.2d 852, 857 (9th Cir. 1986) (defendant alleged no facts in support of request for grand jury transcripts to determine if the testimony of officers improperly summarized testimony of other agents; his request was therefore speculative and did not constitute particularized need); United States v. Johnston, 2006 WL 276937, *1 (D.Ariz. Feb. 3, 2006) (defendant's desire to have grand jury transcripts as discovery tool to help prepare motion to dismiss indictment does not constitute particularized need that outweighs policy of secrecy).

In his motion, Defendant submits that he needs the grand jury transcripts because "he must have the ability to analyze the evidence and testimony presented to the Grand Jury to competently prepare his defense for trial and to determine whether a motion to dismiss the Indictment is necessary due to flaws in the grand jury process." (#34).  Defendant failed to submit facts in his motion to support this statement and, therefore, the Court finds that his request is unsubstantiated and speculative and does not constitute the particular need required to outweigh the policy of grand jury secrecy. See Walczak, 783 F.2d at 857; Ferreboeuf, 632 F.2d at 835.

The Court, therefore, determines that the Report and Recommendation (#40) of the United States Magistrate Judge entered January 11, 2016, should be **ADOPTED** and **AFFIRMED.** Defendant's objection was timely filed.  The Magistrate Judge correctly concluded that, under all relevant case law, the information sought does not constitute the particular need required to outweigh the secrecy of the grand jury, and that Defendant has failed to show "that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed.R.Crim.P. 6(e)(3)(E)(ii).

Accordingly, the Court determines that the Report and Recommendation (#40) of the United States Magistrate Judge entered January 11, 2016, should be **ADOPTED** and **AFFIRMED.**

**IT IS THEREFORE ORDERED** that the Magistrate Judge's Report and Recommendation (#40) entered January 11, 2016, are **ADOPTED** and **AFFIRMED;**

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (#34) is **DENIED**.

DATED this 3rd day of February 2016.

_____
Kent J. Dawson
United States District Judge