UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MARIO JACOB SAPP, ) <br> ) <br> Defendant. ) <br> _____ ) | Case No. 2:15-cr-00221-KJD-NJK <br><br> ORDER |

Defendant Mario Jacob Sapp is charged in a Criminal indictment with felon in possession of a firearm and felon in possession of ammunition. Docket No. 1. He appeared before the Court on counsel's motion on February 11, 2016. Phillip Smith appeared on behalf of the United States and Karen Winckler appeared on behalf of Defendant.

During the hearing, the Court engaged in an *in camera* hearing with Defendant and Ms. Winckler. Based on the content of the hearing, and representations that were made, the Court, therefore, has reasonable cause to believe that Defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. The Court therefore orders a mental competency evaluation pursuant to 18 U.S.C. §§ 4241(a) and 4242.

. . . .

. . . .

. . . .

**IT IS ORDERED** that:

1. In accordance with 18 U.S.C. §§ 4241, 4242 and 4247, the United States Marshal's Service shall forthwith transport Defendant Mario Jacob Sapp to a suitable Bureau of Prisons ("BOP") facility that conducts psychological evaluations closest to the court, for psychiatric or psychological evaluation to determine:

   a. whether Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense; and

   b. whether Defendant suffered from a mental disease or defect rendering him mentally incompetent at the time of the commission of the offenses charged.

2. Defendant shall be held in a BOP facility for a reasonable period of time, not to exceed forty-five days, unless extended by further order of the court upon a showing of good cause by the director of the facility that the additional time is necessary to observe and evaluate Defendant, or by appropriate motion, for a period of up to thirty additional days. 18 U.S.C. § 4247(b).

3. The examination conducted pursuant to this order shall be conducted by one or more licensed or certified psychiatrists or clinical psychologists. 18 U.S.C. § 4247(b).

4. A psychiatric or psychological report shall be prepared by the examiner designated to conduct the psychiatric or psychological examination. The person designated to conduct the psychiatric or psychological examination shall file the report, under seal, with the court and provide copies to Phillip Smith, Assistant United States Attorney, and to John George, counsel for Defendant.[1]

5. The report shall include:

   a. Defendant's history and present symptoms;

   b. A description of the psychiatric, psychological or medical tests that were employed and their results;

   c. The examiner's findings;

---

[1] On February 11, 2016, the Court granted Ms. Winckler's motion to withdraw as counsel for Defendant. On February 12, 2016, the Court appointed John George as Defendant's counsel.

          d.      The examiner's opinions concerning whether Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him, or to assist properly in his defense; and

          e.      Whether Defendant was insane at the time of the offense charged; that is, that at the time of the commission of the acts constituting the offense, whether Defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality of the wrongfulness of his acts. 18 U.S.C. §§ 17(a) and 4247(c).

The Court finds that the period of time required by the above-described psychiatric or psychological examination of Defendant, and the Court's determination of Defendant's competency to stand trial and his sanity at the time of the offenses charged is excludable time under the United States Constitution, the Speedy Trial Act, 18 U.S.C. § 3161(h)(1)(A), and Rule 5.1 of the Federal Rules of Criminal Procedure.

Additionally, the Court sets a status hearing on this matter for March 14, 2016, at 10:00 a.m., in Las Vegas Courtroom 3D.

IT IS SO ORDERED.

DATED: February 12, 2016.

_____
NANCY J. KOPPE
United States Magistrate Judge