# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 2:15-CR-00221-KJD-NJK |
| v. | |
| MARIO JACOB SAPP, | **ORDER** |
| Defendant. | |

Before the Court for consideration is Defendant's Motion to Dismiss (#75). The Government filed a response in opposition (#76), to which Defendant replied (#77).

On July 28, 2015, a federal grand jury sitting in Las Vegas, Nevada issued an indictment charging Defendant with one count of felon in possession of a firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2), and one count of felon in possession of ammunition, in violation of Title 18 United States Code, Sections 922(g)(1) and 924(a)(2). (#1). Defendant now challenges the jurisdiction of the United States to bring the aforementioned charges against him.

In substance, the Defendant's Motion alleges that the Criminal Indictment filed in this case must be dismissed due to the following reasons: 1) 18 U.S.C. § 922(g) is unconstitutional because the statute exceeds Congress's authority under the Commerce Clause and the statute itself is facially invalid; 2) 18 U.S.C. § 922(g) is unconstitutional because it violates the Tenth Amendment and the Defendant's "[i]ndividual liberty interest"; and 3) 18 U.S.C. § 922(g) is unconstitutional as applied to the Defendant because he "expects no evidence to be presented at trial proving that possession of [a] firearm under [the] circumstances [present in this case] substantially affected interstate commerce" and the Government has "usurped State sovereignty" by attempting to punish the Defendant in excess

of what he would face in state court if prosecuted there for illegally possessing a firearm. (#76 at 1-2).  As a result, Defendant requests that "this Court dismiss the charges against him under Section 922(g)(1), finding the statute either unconstitutional on its face, or unconstitutional as applied to him. Defendant requests, further, that this Court dismiss the charges against him due to a lack of subject matter jurisdiction.  In the alternative, should dismissal be deemed inappropriate by this Court, the Defendant requests that this Court impose upon the Government the requirement that an affect on commerce be proven by the prosecution regarding Mr. Sapp's alleged possession of a firearm."

It should be noted that a Motion to Dismiss is not the proper means to assert that the Government does not have the evidence necessary to convict a defendant of the offense charged in the Indictment.  And indictment, regular on its face and returned by a legally-constituted and unbiased grand jury, is presumed to be valid; the party challenging this presumption faces a heavy burden.  Costello v. United States, 350 U.S. 359, 363 (1956).  Further, "the charging instrument need only provide adequate notice of the offense charged; any factual assertions must be tested at trial, not by means of a pretrial motion." United States v. Alfonso, 143 F.3d 772, 776-77 (2d Cir. 1998).

Nonetheless, this Court will address the merits of Defendant's Motion.  Unfortunately, Defendant's Motion is void of such. Defendant's assertion that the federal government cannot prosecute felons for being in possession of a firearm because it is an unconstitutional extension of federal power is misguided, since the constitutionality of 18 U.S.C. §922(g)(1) has been repeatedly upheld by various courts within this Circuit. See e.g. United States v. Duckett, 406 Fed.Appx. 185 (9th Cir. 2010) (statute making it a criminal offense for a felon to possess a firearm permissibly regulated felons' possession of firearms by virtue of the Commerce Clause without violating the Tenth Amendment); United States v. Collins, 61 F.3d 1379, 1383-84 (9th Cir. 1995) (statute prohibiting convicted felons from possessing firearms did not exceed Congress's authority under Commerce Clause and Tenth Amendment, despite claim that statute encroached upon authority of state to decide who should possess firearms).

The Defendant's reliance on United States v. Lopez, 514 U.S. 549 1995) is also unavailing in light of the Ninth Circuit consistently rejecting Lopez-based Commerce Clause challenges to 18 U.S.C. § 922(g)(1). See, e.g., United States v. Jones, 231 F.3d 508, 515 (9th Cir. 2000) (construing 18 U.S.C. § 922(g)(8) and distinguishing "guns, products that are manufactured in and travel through interstate commerce . . . from the non-economic activity of . . . possessing a firearm within 1000 feet of a school in Lopez."). Similarly, Defendant's reliance on Bond v. United States, 131 S.Ct. 2355 (2011) also fails, because Bond does not disturb the subject-matter jurisdiction Congress granted federal district courts when it enacted 18 U.S.C. § 922. In Bond, the Supreme Court held that the Chemical Weapons Convention Implementation Act did not reach the purely local crime of simple assault, reasoning that, because "[o]ur constitutional structure leaves local criminal activity primarily to the States," courts "generally decline[] to read federal law as intruding on that responsibility, unless Congress has clearly indicated that the law should have such reach." Bond, 134 S.Ct. at 2083.

Though the Chemical Weapons Implementation Act contained no such indication, the felon in possession of a firearm statute does. 18 U.S.C. § 922(g)(1) makes it a federal crime for any person who has been convicted of a felony "to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(g)(1); Hanna, supra, 55 F.3d at 1462.  The statute explicitly proscribes purely local conduct, so long as the firearm was moved in interstate commerce at some point in time.  And as further noted *infra*, the "affecting commerce" element can be satisfied if the firearm or ammunition possessed by a convicted felon has previously traveled in interstate commerce. United States v. Bass, 404 U.S. 336, 350 (1971); Hanna, 55 F.3d at 1462.

Courts have consistently held that in order to establish the jurisdictional element of 18 U.S.C. § 922(g), the Government need only prove that the firearm (or ammunition) crossed state lines at some point prior to its possession by the defendant. See, e.g., United States v. Robbins, 579 F.2d 1151, 1153 (9th Cir. 1978) (evidence that pistol was manufactured in Connecticut and possessed by defendant in Washington justifies inference that pistol had traveled in interstate commerce so as to be possessed "in commerce or affecting commerce" under 18 U.S.C. § 1202(a), forerunner statute to § 922(g)); United States v. Clawson, 831 F.2d 909, 913 (9th Cir. 1987) (evidence of a firearm's foreign manufacture is sufficient to support a finding that the gun moved in interstate commerce); United States v. Alvarez, 972 F.2d 1000, 1003 (9th Cir. 1992) (expert testimony that firearm found in defendant's possession in California was manufactured in Spain sufficient to prove firearm was possessed in or affecting interstate commerce for purposes of § 922(g) (citing United States v. Clawson, 831 F.2d 909, 913 (9th Cir. 1987))); United States v. Gill, 39 Fed. App'x 548, 550 (9th Cir. 2002) (citing United States v. Rousseau, 357 F.3d 925, 933 (9th Cir. 2001)). Finally, this Court has jurisdiction over the charged offense pursuant to 18 U.S.C. § 3231. Any further challenges to the Government's evidence should be brought before the jury at trial.

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (#75) is **DENIED.**

DATED this 7th day of October 2016.

_____
Kent J. Dawson
United States District Judge