Mario Jacob Sapp
Nevada Southern Detention Center
2190 E. Mesquite Ave.
Pahrump, NV 89060

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:15-00221-CR-KJD-NJK |
| Plaintiff | MOTION TO ENFORCE DISCOVERY |
| vs. | Government To Disclose Its Entire Records "On Project Safe Neighborhood" Project Effect |
| MARIO JACOB SAPP, | |
| Pro Se, Defendant. | |

**INTRODUCTION**

Comes now, defendant Mario Jacob Sapp has requested full and complete Motion of Discovery under <u>Rule 16.</u> Points and Authorities in support of full and complete Motion of Discovery. The U.S. Government "Prosecution" has the duty to disclose to the the defendant "Defense" all <u>Exculpatory Evidence</u>. Being that said defendant is under "<u>Project Safe Neighborhood</u>" *(PSN Program)* and is being prosecuted Federally Sapp is entitled for The Government to produce all information on the *(PSN Program)* specifically the following documents:

1) <u>The criteria for cooperation and for prosecution or rejection of state cases;</u>

2) <u>The strategic plan regarding the Project;</u>

3) <u>A list of what documents and information the U.S. Attorney retains for cases prosecuted or rejected as part of Project Safe Neighborhoods;</u>

4) <u>Writings regarding or comprising the Memoranda of Understanding between the Federal Government and the Prosecutors' Offices in the District of Nevada;</u>

5) <u>Statistics distinguishing between cases resolved by plea in State Court and those referred for prosecution in Federal Court;</u>

1  6) Any statistics on the cases the U.S. Attorney prosecutes or rejects, by race?

2  In part of a Project Safe Neighborhood Task Force here in Las Vegas Nevada called "Project Effect" which stands

3  for (Ex-Felon and Firearm Equals Conviction). Weekly Firearm meetings are held in Southern Nevada which

4  bring together attendees from the U.S. Attorney's Office, the Clark County District Attorney's Office, ATF, the

5  Las Vegas Metropolitan Police Department (LVMPD), and more recently, officials from the Henderson Police

6  Department and the North Las Vegas Police Department. Firearm cases that have occurred during the week are

7  discussed and determinations are made as to the best manner of prosecution.

8  Following Sapp's arrest by the Las Vegas Metropolitan Police Department, he was Indicted and is being

9  prosecuted by The United States Attorney's Office In The District of Nevada in accordance with with the PSN

10  Program or *Project EFFECT.* PSN is a Department of Justice initiative that encourages State and Federal Law

11  Enforcement, as well as other segments of the community, to collaborate in the reduction of "Gun Crime in

12  America." Prosecutions under the PSN Program, which occur at the Federal level, typically arise by way of

13  referrals from State Law Enforcement. According to the PSN web site, the U.S. Attorney in each participating

14  Federal District must have a strategic plan to attack gun crime, must constantly evaluate the plan's effectiveness,

15  and must report semi-annually to the Department of Justice on several aspects of the District's PSN

16  implementation efforts. Sapp now request all of The Government's files regarding The Project Safe

17  Neighborhoods (PSN) Program under which Sapp is being prosecuted and convicted.

18

19  **ARGUMENT AND LEGAL AUTHORITY**

20  *Brady v. Maryland, 373 US 83, 10 L Ed 2d 215, 83 S Ct 1194 (1963) See also Giles v. Maryland, 386 U.S.*

21  *66 (1964), Marshall v. District Court, 79 Nevada 280, 382 P. 2d 214 (1963).* The Government has a duty to

22  disclose all Exculpatory Evidence to the Defense. Being that Sapp has been Federally Indicted on a Firearm and

23  Ammunition charge 922(g)(1) and 924(a)(2) x2 under the (Project Safe Neighborhood Program) or its Joint

24  Task Force (Ex-Felon and Firearm Equals Conviction) "Project Effect", Sapp has now requested all files and

25  information and the strategic plan of the program as well as the entire operation and criteria process involving the

26  (PSN Program). In *United States v. Thorpe 471 F.3d 652* Thorpe formally moved the District Court for discovery

27  of all of the Government's files regarding the Project Safe Neighborhoods (PSN) program under which Thorpe

28  was being prosecuted, The Court granted the motion. As (PSN) is not a statutory scheme, and its guidelines for

case selection for Federal Prosecution are unknown outside of the U.S. Attorney's Office, the Government has put all (PSN) defendants in a Catch-22: You have to prove the threshold with evidence of discriminatory intent to get discovery from the Government, but you cannot have access to any of the information necessary to prove (or to disprove) the threshold without discovery from the Government *{471 F.3d 663}*.

    In *United States v. Nixon 315 F Supp 2d 876 315* One of the defendants' counsel requested that a subpoena be issued to the United States requesting any and all information relating to the dual prosecution agreement that was part of Project Safe Neighborhoods. Where there were a large number of cases filed in the court as part of Project Safe Neighborhoods and similar difficulties could have presented themselves in further proceedings, the court ordered the United States to produce the requested documents. In order to decide whether any remedy was available in Federal Court, the Court needed to know the level of cooperation that existed between the prosecutors as part of Project Safe Neighborhoods. Sapp, likewise in Nixon, was originally charged only in State Court. Sapp was presented a plea agreement on July 29th 2015 in the early afternoon by an ineffective counsel Benjamin Saxe who did not inform Sapp that if he declined to accept the one-six year plea offered by the State, he faced further proceedings in the Federal Court System, but Sapp was not informed of the full range of the penalties available in the Federal System. Sapp declined the plea, and ironically Sapp was allegedly Indicted on July 28th 2015, one day prior when he declined the plea. With that being said, Sapp now request that this Honorable Court issue a subpoena to The Federal Government requesting "any and all information" relating to the dual prosecution agreement between the U.S. Attorney's Office and the Clark County Prosecutor's Office that is part of the (PSN Program)Project Safe Neighborhoods. This subpoena should specifically make the following information request:

*E-mails or other writings regarding or comprising the Memorandum/Memoranda of Understanding between the Federal Government and the Clark County Prosecutor's Office;*

*The record of any Federal funding used to hire, train and staff State Prosecutors as part of Project Safe Neighborhoods;*

*Training materials provided to State Project Coordinators for the Project Safe Neighborhoods initiatives;*

*Memorandum or Project Guidelines authorizing or delegating powers to State Prosecutors to dispose of potential Federal Cases as part of Project Safe Neighborhoods;*

*Reports or summaries regarding Federal oversight of Project Safe Neighborhoods;*

*Statistics distinguishing between cases resolved by plea in State Court and those referred for prosecution in Federal Court.*

From the year 2013-2016, under a "Gun Case Referral Agreement" more than 300 cases had been referred for Federal Prosecution in the District of Nevada, presumably after defendants declined a plea in State Court. In some cases, federal funds under the program were being used to hire State Prosecutors to handle cases under the Project Safe Neighborhoods rubric, and in others, teams of Federal and State Prosecutors were cooperatively preparing the cases and together selecting the forum in which each case should be brought. Also, under PSN (The Program) if a defendant is under review and meets a certain criteria the local prosecutor's office will offer the defendant a plea bargain at the State level *with the consequence of Federal Prosecution for refusal.* Sapp was never informed of the Federal Prosecution if he refused and when presented with the State Plea Bargain on July 29, 2016, ironically Sapp was already Indicted prior to the offer that was presented (See Exhibit A). Sapp was already allegedly Indicted (See Exhibit B).

## CONCLUSION

Under the Brady Rule and in its definition this Honorable Court should grant this Motion and Sapp should be granted all documents and criteria from *Project Safe Neighborhoods Program* or the Joint Task Force *Project EFFECT*. Sapp is being Federally Charged under the Program and The United States Government should not hinder the defense from all said information, materials, documents, reports, statistics or memorandums of the program.

## CERTIFICATE OF SERVIVE

I, Mario Jacob Sapp, declare under penalty of perjury that the following Defendants Motion to Enforce Discovery were served the Courts CM / ECF on the date of this filing.

CM / ECF:

TO:

DITRICT JUDGE KENT J. DAWSON

AUSA-PHILLIP N. SMITH JR
501 Las Vegas Boulevard South
Suite 1100
Las Vegas, NV 89101
702-388-6336
phillip.smith@usdoj.gov

Dated: This 13TH Day of March 2017

/s/ Mario Jacob Sapp
Mario Jacob Sapp
2190 East Mesquite Ave.
Pahrump, NV 89060

# EXHIBIT A

## Email

**From:** john giordani
**To:** Benjamin Saxe
**Subject:** Sapp PH set for Friday

Sent: 7/29/2015 2:45:14 PM 

---

Attachments may contain viruses that are harmful to your computer. Attachments may not display correctly.


image001.png (20Kb)

Hey Ben, this is the offer on Sapp 15F10432X that Agnes cleared through the ROP Detective. Not sure if she already conveyed it to you

Plead guilty to Assault with a Deadly Weapon (1-6)
Both parties retain the right to argue
Defendant agrees to forfeit the firearm
State agrees not to seek habitual criminal treatment


**John Giordani**
**Deputy District Attorney | Team L-5**
**Clark County District Attorneyp s Office**
200 Lewis Avenue
Las Vegas, Nevada 89155-2212
*Tel:* (702) 671-2775
*Fax:* (702) 477-2936



# EXHIBIT B

DANIEL G. BOGDEN
United States Attorney
PHILLIP N. SMITH, JR.
Assistant United States Attorney
333 Las Vegas Blvd. South, Suite 5000
Las Vegas, Nevada 89101
PHONE: (702) 388-6503
FAX: (702) 388-6418
Attorneys for the Plaintiff



FILED ____ RECEIVED
ENTERED ____ SERVED ON
COUNSEL/PARTIES OF RECORD

JUL 28 2015

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
## -oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, | **CRIMINAL INDICTMENT** |
| PLAINTIFF, | 2:15-CR-_221_ |
| vs. | **VIOLATION:** |
| MARIO JACOB SAPP, | 18 U.S.C. §§ 922(g)(1) and 924(a)(2) - Felon in Possession of a Firearm; and |
| DEFENDANT. | 18 U.S.C. §§ 922(g)(1) and 924(a)(2) – Felon in Possession of Ammunition. |

**THE GRAND JURY CHARGES THAT:**

### COUNT ONE
Felon in Possession of a Firearm

On or about July 15, 2015, in the State and Federal District of Nevada,

**MARIO JACOB SAPP,**

having been convicted of crimes punishable by imprisonment for a term exceeding one year, in the State of Nevada, to wit: Attempt Burglary, in the Eighth Judicial District Court, Clark County, on or about May 1, 2006, in Case No. C130613; Possession of Firearm by Ex-Felon,

1

1  in the Eighth Judicial District Court, Clark County, on or about April 27, 2004, in Case No.
2  C194633; Conspiracy to Violate the Uniform Controlled Substance Act, in the Eighth Judicial
3  District Court, Clark County, on or about April 21, 2005, in Case No. C206996; and Battery
4  with Use of a Deadly Weapon with Substantial Bodily Harm (Count One) and Possession of
5  Firearm by Ex-Felon (Count Two), in the Eighth Judicial District Court, Clark County, on or
6
7  about February 4, 2010, in Case No. C258943, did knowingly possess a firearm, to wit:  a
8  Taurus .40 caliber semi-automatic handgun bearing serial number SFP81883, said
9  possession being in and affecting interstate commerce and said firearm having been shipped
10 and transported in interstate commerce, all in violation of Title 18, United States Code,
11
12 Sections 922(g)(1) and 924(a)(2).

## COUNT TWO
Felon in Possession of Ammunition

On or about July 15, 2015, in the State and Federal District of Nevada,

**MARIO JACOB SAPP,**

having been convicted of crimes punishable by imprisonment for a term exceeding one year,
in the State of Nevada, to wit:  Attempt Burglary, in the Eighth Judicial District Court, Clark
County, on or about May 1, 2006, in Case No. C130613; Possession of Firearm by Ex-Felon,
in the Eighth Judicial District Court, Clark County, on or about April 27, 2004, in Case No.
C194633; Conspiracy to Violate the Uniform Controlled Substance Act, in the Eighth Judicial
District Court, Clark County, on or about April 21, 2005, in Case No. C206996; and Battery
with Use of a Deadly Weapon with Substantial Bodily Harm (Count One) and Possession of
Firearm by Ex-Felon (Count Two), in the Eighth Judicial District Court, Clark County, on or
about February 4, 2010, in Case No. C258943, did knowingly possess ammunition, to wit:

1  one .40 caliber round, said possession being in and affecting interstate commerce and said
2  ammunition having been shipped and transported in interstate commerce, all in violation of
3  Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

DATED: this 28th day of July, 2015.

A TRUE BILL:

/S/
FOREPERSON OF THE GRAND JURY

DANIEL G. BOGDEN
United States Attorney

*[signature]*
PHILLIP N. SMITH JR
Assistant United States Attorney

MARIO J. SAPP #5616048
290 E. MESQUITE AVE
PAHRUMP, NV 89060

CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA
LLOYD D. GEORGE U.S. COURTHOUSE
333 LAS VEGAS BLVD SOUTH - RM 1334
LAS VEGAS, NV
89101

Correspondence originated from a detention facility. The facility is not responsible for the contents herein

US POSTAGE
$02.24⁰
First-Class
Mailed From 89060
03/16/2017
032A 0061838671