STEVEN W. MYHRE
Acting United States Attorney
PHILLIP N. SMITH, JR.
Assistant United States Attorney
Nevada State Bar Number 10233
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada  89101
PHONE: (702) 388-6336
FAX:  (702) 388-5087
phillip.smith@usdoj.gov

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**
-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MARIO JACOB SAPP,<br><br>Defendant. | 2:15-cr-221-KJD-NJK<br><br>GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO ENFORCE DISCOVERY |

COMES NOW the United States of America, by and through STEVEN W. MYHRE, Acting United States Attorney, and Phillip N. Smith, Jr., Assistant United States Attorney, and files this timely response to the "Motion to Enforce Discovery" (hereinafter "Defendant's Motion") filed on March 20, 2017 by defendant MARIO JACOB SAPP, *pro se*.  *See* Docket #135.

## II.    ARGUMENT

The Defendant's Motion first seeks "all information on the [Project Safe Neighborhoods program]" pursuant to Fed. R. Crim. P. 16 and *Brady v. Maryland*, 373 U.S. 83 (1963).  Discovery in criminal cases is governed generally by Fed. R. Crim. P. 16 and *Brady*.  Rule 16(a)(1)(E) in relevant part requires that, upon a defendant's request, the Government must "disclose any documents or other objects within its possession, custody, or control" that are "material to preparing the defense."  "[T]o obtain discovery under Rule 16, a defendant must make a prima facie showing of materiality."

1

"Neither a general description of the information sought nor conclusory allegations of materiality suffice; a defendant must present facts which would tend to show that the Government is in possession of information helpful to the defense." *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990).

Under *Brady*, the Government must disclose information favorable to the defendant that "is material either to guilt or punishment." *Brady*, 373 U.S. at 87. Evidence is material for *Brady* purposes if a "reasonable probability" exists that the result of a proceeding would be different if the Government disclosed the information to the defendant. *United States v. Bagley*, 473 U.S. 667, 682 (1985). Importantly, "[i]t is the [G]overnment, not the defendant or the trial court, that decides *prospectively* what information, if any, is material and must be disclosed under *Brady*." *United States v. Lucas*, 841 F.3d 796, 807 (9th Cir. 2016) (emphasis in original). *Brady* does not permit a defendant to go through the Government's files in order to hopefully find evidence that is material to his case:

> A defendant's right to discover exculpatory evidence does not include the unsupervised authority to search through the [government's] files. Although the eye of an advocate may be helpful to a defendant in ferreting out information, this Court has never held ... that a defendant alone may make the determination as to the materiality of the information. Settled practice is to the contrary. In the typical case where a defendant makes only a general request for exculpatory material under *Brady*, it is the [Government] that decides which information must be disclosed.... [A defendant] has no constitutional right to conduct his own search of the [Government's] files to argue relevance.

*Pennsylvania v. Ritchie*, 480 U.S. 39, 59-60 (1987) (footnote and citations omitted); *see also Weatherford v. Bursey*, 429 U.S. 545, 559 (1977) ("There is no general constitutional right to discovery in a criminal case, and *Brady* did not create one.").

The Defendant is not entitled to *any* information regarding the inner workings, practices, or policies of the Project Safe Neighborhoods ("PSN") program under either Rule 16 or *Brady*, and the instant motion should therefore be summarily denied. First, Rule 16(a)(2) explicitly states that

"reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case" are not discoverable under Rule 16. Moreover, the Ninth Circuit recently ruled that, absent an actual showing of materiality, the Government was not required to disclose information about the "inner workings" of the PSN program to a defendant pursuant to either Rule 16 or *Brady*. *See Lucas*, *supra*; *see also United States v. Michaels*, 796 F.2d 1112, 1116 (9th Cir. 1986) ("mere speculation about materials in the government's files" did not require the district court to make those materials available).

Nor is the Defendant entitled to "all of the Government's files regarding The Project Safe Neighborhoods (PSN) Program under which [the Defendant] is being prosecuted and convicted" or "the strategic plan of the program as well as the entire operation and criteria process involving the (PSN program)." None of that information contains any exculpatory or impeachment material. Additionally, unless the Defendant can make a showing of materiality or demonstrate that the Government has withheld favorable evidence, he must rely on "the prosecutor's decision [regarding] disclosure." *Ritchie*, 480 U.S. at 60. The Defendant has made absolutely no showing of materiality or illustrated that the requested PSN-related material contains favorable evidence relating either to guilt or punishment.[1]  Rather, it is clear that he requests the information in order to conduct the proverbial fishing expedition in hopes that he may possibly find some information he believes he will be able to use. This does not meet the requirements of *Brady* or Rule 16.

Furthermore, the Government can affirmatively represent here that while there may have been some level of *cooperation* between the state and federal authorities in the prosecution of this case, there was no collusion. While the Government is not required to explain to the Defendant why this

---

[1] Nor is the Government required, as a general proposition, to disclose confidential information relating to its charging decisions.

3

particular case was selected for federal prosecution, it should be noted here that there was a significant federal interest due to the numerous prior state prosecutions for serious crimes that did absolutely nothing to stem the Defendant's continued violent criminal conduct.  Furthermore, the Defendant's conduct in the instant case made it clear that the Defendant is a legitimate public safety threat that merited federal prosecution in order to protect the public from further crimes of the Defendant by incapacitating him and ensuring he received a lengthy sentence.  To that end, the instant prosecution falls entirely in line with the PSN program's stated objective of reducing gun crime.

The Defendant's request for a subpoena for "'any and all information' relating to the dual prosecution agreement between the U.S. Attorney's Office and the Clark County Prosecutor's Office that is part of the (PSN Program) Project Safe Neighborhoods" should also be denied since the Defendant has not shown how any information requested by the subpoena would be material to his defense.  Furthermore, there is no "dual prosecution agreement" between the United States Attorney's Office for the District of Nevada and the Clark County District Attorney's Office.  Nor (as indicated above) was the instant prosecution brought via any kind of collusion between the two offices, and the Defendant offers absolutely no evidence to support such a claim.

The Defendant has not, for instance, produced any evidence that he was told by state authorities that he would be prosecuted in federal court if he did not accept a state court plea offer.  To be clear, even if the Defendant had accepted "the [one to six] plea offered by the State," the U.S. Attorney's Office would have still pursued federal charges against the Defendant pursuant to the "*Petite* policy" based on the inadequacy of such a sentence given the nature of the instant offense, the Defendant's egregious criminal history, and the expected federal sentence.[2]  Additionally, the fact that the

---

[2] A successful state court prosecution (whether via a plea agreement or a trial) would have not precluded the United States from also prosecuting the Defendant for the same offense, since the State of Nevada and the United States are separate sovereigns.  *See, e.g.*, *United States v. Newbert*, 952 F.2d 281, 284 n.3 (9th Cir. 1991) ("double jeopardy prohibition does not prevent dual prosecution by separate sovereigns"), *cert. denied*, 112 S.Ct. 1702 (1992); *United States v. Guy*, 903 F.2d 1240, 1242 (9th Cir. 1990) ("the prohibition against twice being placed in jeopardy does not

Government indicted the Defendant *before* he rejected a state court plea offer (as the Defendant has apparently conceded) is further evidence of the federal government's independent decision to prosecute the Defendant for the instant offense—and the email (attached as Exhibit A to the Defendant's Motion) which outlines the state court plea offer also makes absolutely no mention of a threat of federal prosecution if the Defendant declined the offer (or a foreclosure of a federal prosecution if he accepted it).[3]

The undersigned can also represent that, upon information and belief, the Clark County District Attorney's Office has not received any federal PSN grant since 2011 (which is the last year that the United States Attorney's Office for the District of Nevada applied for one). Finally, the Defendant cites to *United States v. Thorpe*, 471 F.3d 652 (6th Cir. 2006) for the proposition that "Thorpe formally moved the District Court for discovery of all the Government's files regarding the Project Safe Neighborhoods (PSN) program under which Thorpe was being prosecuted, The Court granted the motion." This assertion is completely misleading; in *Thorpe* the Sixth Circuit actually held that the district court erred and overturned the district court's granting the defendant's discovery motion.

Based on the foregoing, the Government respectfully request that the Defendant's Motion be denied.

Respectfully submitted,

STEVEN W. MYHRE
Acting United States Attorney

//s//

PHILLIP N. SMITH, JR.
Assistant United States Attorney

---

foreclose a second prosecution by a different sovereign for the same offense").
[3] Because of this, *United States v. Nixon*, 315 F.Supp.2d 876 (E.D.Mich. 2004) (cited by the Defendant), is unavailing. The state and federal prosecutors' offices in the District of Nevada do not have the sort of charging agreement that existed in the Eastern District of Michigan.

**CERTIFICATION**

This is to certify that the undersigned has timely filed and will serve the Defendant with a copy of the Government's *Response to the Defendant's Motion to Enforce Discovery* by means of sending it via U.S. Mail.

DATED: March 28, 2017.

//s//

_____
PHILLIP N. SMITH, JR.
Assistant United States Attorney