# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MARIO JACOB SAPP,

    Defendant.

Case No. 2:15-CR-00221-KJD-NJK

**ORDER**

Before the Court for consideration is Defendant's Motion to Enforce Discovery: Government to Disclose its Entire Records "On Project Safe Neighborhood" Project Effect (#135). The Government filed a response in opposition (#138), to which Defendant replied (#141).

Defendant contends that he is entitled to production of "all information on the Project Safe Neighborhood (hereinafter "PSN") program," specifically the following documents:

    1) The criteria for cooperation and for prosecution or rejection of state cases;
    2) The strategic plan regarding the Project;
    3) A list of what documents and information the U.S. Attorney retains for cases prosecuted or rejected as part of Project Safe Neighborhoods;
    4) Writings regarding or comprising the Memoranda of Understanding between the Federal Government and the Prosecutors' Offices in the District of Nevada;
    5) Statistics distinguishing between cases resolved by plea in State Court and those referred for prosecution in Federal Court; and
    6) Any statistics on the cases the U.S. Attorney prosecutes or rejects by race.

**Legal Standard**

Discovery in criminal cases is governed generally by Fed. R. Crim. P. 16 and <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). Rule 16(a)(1)(E) in relevant part requires that, upon a defendant's request, the Government must "disclose any documents or other objects within its possession, custody, or control" that are "material to preparing the defense." "[T]o obtain discovery under Rule 16, a defendant must make a prima facie showing of materiality." "Neither a general description of

the information sought nor conclusory allegations of materiality suffice; a defendant must present facts which would tend to show that the Government is in possession of information helpful to the defense." United States v. Mandel, 914 F.2d 1215, 1219 (9th Cir. 1990).

Under Brady, the Government must disclose information favorable to the defendant that "is material either to guilt or punishment." Brady, 373 U.S. at 87. Evidence is material for Brady purposes if a "reasonable probability" exists that the result of a proceeding will be different if the Government discloses the information to the defendant. United States v. Bagley, 473 U.S. 667, 682 (1985). Importantly, "[i]t is the [G]overnment, not the defendant or the trial court, that decides prospectively what information, if any, is material and must be disclosed under Brady." United States v. Lucas, 841 F.3d 796, 807 (9th Cir. 2016) (emphasis in original). Brady does not permit a defendant to go through the Government's files in order to hopefully find evidence that is material to his case:

> A defendant's right to discover exculpatory evidence does not include the unsupervised authority to search through the [government's] files. Although the eye of an advocate may be helpful to a defendant in ferreting out information, this Court has never held ... that a defendant alone may make the determination as to the materiality of the information. Settled practice is to the contrary. In the typical case where a defendant makes only a general request for exculpatory material under Brady, it is the [Government] that decides which information must be disclosed.... [A defendant] has no constitutional right to conduct his own search of the [Government's] files to argue relevance.

Pennsylvania v. Ritchie, 480 U.S. 39, 59-60 (1987) (footnote and citations omitted); see also Weatherford v. Bursey, 429 U.S. 545, 559 (1977) ("There is no general constitutional right to discovery in a criminal case, and Brady did not create one.").

**Analysis**

According to the Bureau of Justice Assistance of the U.S. Justice Department's website, Project Safe Neighborhoods (PSN) is a nationwide commitment to reduce gun and gang crime in America by networking existing local programs that target gun and gun crime and providing these programs with additional tools necessary to be successful.

The Government asserts that Defendant is not entitled to any information regarding the inner workings, practices, or policies of the PSN program under either Rule 16 or Brady. To support its position, the Government points to Rule 16 which states, in pertinent part, that "reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case" are not discoverable. Further, the Government points to a recent Ninth Circuit ruling which illustrates that absent an actual showing of inter-government collusion, the Government was not required to disclose information about the "inner workings" of a PSN program to a defendant pursuant to either Rule 16 or under Brady. See United States v. Lucas, 841 F.3d 796, 807 (9th Cir. 2016).

The Court finds that Defendant has made no showing of materiality or illustrated that the requested PSN-related material contains favorable evidence relating either to guilt or punishment. Defendant declares entitlement to these documents without providing any authority or facts to support his declaration. Further, this Court finds that Defendant's Motion functions more like a proverbial fishing expedition in hopes that he may possibly find useful information to use during sentencing. This purpose runs afoul of Brady and Rule 16. To the extent that Defendant's Motion contains a request for a subpoena for "any and all information relating to the dual prosecution agreement between the U.S. Attorney's Office and the Clark County Prosecutor's Office that is part of the PSN program," this request is **DENIED**. According to the Government, there is no "dual prosecution agreement" between the United States Attorney's Office for the District of Nevada and the Clark County District Attorney's Office, nor was the instant prosecution brought via any kind of collusion between the two offices. Finally, Defendant does not offer any evidence to support this claim.

///

**Conclusion**

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to Enforce Discovery: Government to Disclose its Entire Records "On Project Safe Neighborhood" Project Effect (#135) is **DENIED**.

DATED this __10th___ day of April 2017.

_____
Kent J. Dawson
United States District Judge