# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MARIO JACOB SAPP,

    Defendant.

Case No. 2:15-CR-00221-KJD-NJK

**ORDER**

    Before the Court for consideration is Defendant's Objection to the Government's Sentencing Memorandum and Response to Defendant's Objections to the Pre-Sentencing Investigation Report and the Defendant's Motion to Strike Government's Sentencing Memorandum (##131& 132).[1] The Government filed a response in opposition (#136), to which Defendant did not reply.

**Background**

    On July 28, 2015, a federal grand jury returned a two-count Indictment against Defendant charging him with Felon in Possession of a Firearm and Ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). See (#1). Defendant was arraigned on the Indictment on August 11, 2015, whereupon he entered a plea of not guilty and the matter was set for trial to commence on October 19, 2015. See (#8). A detention hearing proceeded, whereupon the Defendant was ordered detained pending trial. Id. The trial in this case was continued multiple times and was eventually held on October 17, 2016. On October 18, 2016, Defendant was found guilty by a jury of both counts of the Indictment. See (##102 and 103). Defendant is scheduled to be sentenced on April 19, 2017.

---

[1] Both of these documents are identical.

On January 18, 2017, Defendant filed objections (hereinafter "Objections") to the Presentence Investigation Report (hereinafter "PSR"). Defendant objected to 1) the PSR's description of the offense conduct; 2) his criminal history as calculated in the PSR (and the determination of his base offense level); 3) the two-level enhancement based on the offense involving a stolen firearm pursuant to United States Sentencing Guidelines (hereinafter "U.S.S.G." or "Guidelines") § 2K2.1(b)(4)(A); 4) the two-level enhancement based on obstruction of justice pursuant to U.S.S.G. § 3C1.1; 5) the PSR's recitation of the Defendant's "Other Criminal Conduct"; 6) the Government's allegedly "vindictive" prosecution of him; and 7) the PSR writer's alleged "bias."

On March 2, 2017, the Government filed its Sentencing Memorandum which included a response to Defendant's unresolved Objections to the PSR. In his present Motion, Defendant asserts that the Government's sentencing memorandum must be stricken as the deadline to file this memorandum has passed. The Government refutes this point entirely. Defendant also couches substantive arguments in the instant Motion that should have been raised at the trial stage of this matter.

**Analysis**

The Court finds no merit in Defendant's argument that the Government's sentencing memorandum must be stricken due to failure to meet a deadline. The applicable rule in this case, Local Rule 32-1(d) provides in pertinent part:

> **Any sentencing memorandum addressing unresolved objections to the presentence investigation report or other sentencing issues** must be filed and served on opposing attorneys and the United States Probation Office at least five business days before the sentencing hearing, and any response to the sentencing memorandum must be filed and served at least three business days before the sentencing hearing.

The Government's sentencing memorandum was filed on March 2, 2017, fourteen (14) days before the deadline to submit responses prior to a sentencing hearing. Thus, the Government's memorandum is timely. Further, Defendant refutes that the Objections he submitted in response to

the PSR should be considered a sentencing memorandum.  While a seemingly trivial matter, for procedural purposes, clarification of this designation is warranted.  Local Rule 32-1(b) states in pertinent part:

> The parties must communicate in writing to each other and to the probation officer within 14 days after receiving the presentence investigation report any objections to the presentence investigation report that will affect the probation officer's recommendation to the court. After receiving the objections, the probation officer may meet with the parties and revise the report before submitting it to the court.

The PSR was filed on January 6, 2017 and Defendant filed his Objections within 14 days after receiving the PSR on January 18, 2017. The section of the Rule to which the Government points pertains to sentencing memorandums addressing any unresolved objections to the PSR.  Defendant's Objections were not designated as a sentencing memorandum. Therefore, it is evident to the Court that Defendant's Objections were not meant to be construed as such.  The Court will not consider Defendant's Objections to be a sentencing memorandum and reiterates the deadlines set forth in Local Rule 32-1(d) for the submission of sentencing memorandums. In other words, Defendant "must file and serve his sentencing memorandum on [the Government] and the United States Probation Office at least five business days before the [April 19, 2017] sentencing hearing." L.R. 32-1(d).

The Court now addresses Defendant's substantive arguments presented in his Objections. Defendant contends that he cannot be sentenced on both counts of the Indictment due to double jeopardy concerns. In support of his claim, Defendant cites to United States v. Dunford, 148 F.3d 385 (4th Cir. 1998).  The underlying facts in Dunford are distinguishable from the instant case because Dunford was in possession of six firearms and ammunition which were recovered from the same place, his residence.  The Dunford Court opined that "[i]t might require ammunition located in different rooms of [defendant's] house to be separate offenses..." Id. at 389-90.  Thus, Dunford contemplated the possession of ammunition in different locations inside of the same residence as constituting separate offenses, but ultimately held that the simultaneous possession of a firearm and

3

ammunition found in the same location constituted only one offense. Here, the firearm was found in a pot of soup located in a residence to which Defendant did not have possessory rights. Additionally, no evidence was presented at trial that Defendant was a guest. Further, the ammunition was found on Defendant's person after he was bullhorned out of the residence. Thus, the ammunition was found in a different location than the firearm, which constitutes two separate offenses.

This is entirely consistent with the holdings in United States v. Perez, 2016 WL 3435667, at *2 (9th Cir. June 22, 2016) and United States v. Szalkiewicz, 944 F.2d 653, 653-54 (9th Cir. 1991) which held that, regardless of the number of firearms involved, there is only one offense of being a felon in possession unless there is a showing that the firearms were "stored or acquired at different times and places." The verdict form in Defendant's trial included a special interrogatory where the jury unanimously indicated that they found, beyond a reasonable doubt, that the firearm charged in Count One and the ammunition charged in Count Two were stored, possessed, or acquired at different times and places.

The fact that the Indictment in this case alleges the same date in both counts does not preclude the jury's finding that the firearm and ammunition were stored, possessed, or acquired at different times and places. It is without question that a person can store or possess two items at different times and places on the same date. Both convictions must therefore stand, and Defendant is subject to punishment for both. This is despite the Defendant's claim that he was arrested inside of the residence. This brings us to Defendant's claim of a Payton violation. While Defendant was indeed summoned (along with the other occupants) out of someone else's apartment, he was not arrested until he was identified—outside of the residence—by the two victims of his conduct.

More importantly, Defendant cannot raise a 4th Amendment violation at this stage of the proceedings—the time for pretrial motions has long since passed. Pursuant to LCR 12-1 and Fed. R. Crim. P. 12(b)(3)(C) and 41(h), motions to suppress evidence based on 4th Amendment violations must be filed prior to trial.

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Objection to the Government's Sentencing Memorandum and Response to Defendant's Objections to the Pre-Sentencing Investigation Report (#131) is **OVERRULED**;

**IT IS FURTHER ORDERED** that the Defendant's Motion to Strike Government's Sentencing Memorandum (#132) is **DENIED**;

**IT IS FURTHER ORDERED** that Defendant must file and serve his Sentencing Memorandum on the Government and the United States Probation Office at least five business days before the April 19, 2017 sentencing hearing.

DATED this __10th___ day of April 2017.

Kent J. Dawson
United States District Judge