LISA A. RASMUSSEN, ESQ.
NV Bar No. 7491
Law Office of Lisa Rasmussen
601 S. Tenth Street, Suite 100
Las Vegas, NV  89101
(702) 471-1436 | Fax (702) 489-6619
Lisa@LRasmussenLaw.com

Attorney for Mario Sapp

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>MARIO SAPP,<br><br>    Defendant. | Case No.: 2:15-CR-221-KJD-NJK<br><br>ORDER ON:<br>**SECOND STIPULATION TO AMEND JUDGMENT OF CONVICTION** |

IT IS HEREBY STIPULATED AND AGREED, by and between Christopher Chiou, Acting United States Attorney, through Lisa Cartier-Giroux, Assistant United States Attorney, counsel for the United States of America, and Lisa Rasmussen, counsel for Mario Sapp as follows:

1. Mr. Sapp was originally arrested by LVMPD on July 15, 2015 and he was taken to the Clark County Detention Center where charges were filed against him for assault with a deadly weapon, owner of a firearm by a prohibited person and discharging a gun where persons might be endangered.   This was case number 15F10432X.

2. Thus, Mr. Sapp was originally in primary state custody.

SECOND STIPULATION TO AMEND JUDGMENT OF CONVICTION - 1

3. Mr. Sapp was indicted in the instant case in July 28, 2015. [ECF 1.] All charges in this case stem from the same incident that were the subject of the July 15, 2015 Justice Court case.

4. Mr. Sapp appeared in this Court on July 28, 2015 pursuant to a writ of habeas corpus ad prosequendum. [ECF 5, 6, 7 and 8.] Mr. Sapp was detained pending trial in the instant case. [ECF 8.]

5. As of July 28, 2015, Mr. Sapp was in primary state custody and secondary federal custody.

6. The Justice Court case was dismissed on November 19, 2015. This rendered Mr. Sapp in primary federal custody with his custody start date reverting back to the first date he was detained in the instant case, July 28, 2015.

7. On January 13, 2016, Mr. Sapp was indicted in state court for the same charges relating back to his Justice Court case and that is case number C-16-311945-1.

8. Mr. Sapp, then in primary federal custody, was brought over to state court where he was arraigned on February 3, 2016 before being returned to the Pahrump detention facility.

9. On May 2, 2017, Mr. Sapp was sentenced in the instant case to a total sentence of 235 months. Mr. Sapp was, at the time he was sentenced, in primary federal custody.

10. On June 6, 2018, Mr. Sapp was sentenced to one count of assault with a deadly weapon in the state court case (C-16-311945-1), an act that stems from the same facts that are the subject of the instant case. His state court sentence was to be run concurrent to his sentence in the instant case and the Judgment of Conviction references the instant case by number. He was given also given 882 credit for time served.

11. During Mr. Sapp's pending appeal in the Ninth Circuit (Docket number 17-10457), the parties agreed to vacate Mr. Sapp's convictions and remand his case to

SECOND STIPULATION TO AMEND JUDGMENT OF CONVICTION - 2

this Court. At the time this occurred, Mr. Sapp was an inmate at U.S. Penitentiary Victorville, in California. [ECF 201]. A writ of habeas corpus ad prosequendum was issued to return Mr. Sapp to the district of Nevada for his case and to set a new trial date in August 2019. [ECF 203, 205.]

12. In November 2020, the parties resolved this matter by way of binding plea agreement. [ECF 223.]

13. Mr. Sapp was sentenced to 90 months imprisonment on May 18, 2021 and the Judgment of Conviction was entered on May 21, 2021. [ECF 236.]

14. The parties have since learned in June 2021 that Mr. Sapp's projected release date, according to the Bureau of Prisons, is November 2024. This was not the intent of the parties in arriving at the resolution of Mr. Sapp's case, the intent was that he would be near the end of his sentence when he was sentenced in May 2021, not three years away from the end of his sentence.

15. In trying to figure this out, both parties had communications with the time computation personnel for BOP in Grand Prairie, Texas. It appears that the vacating of Mr. Sapp's sentence in 2019 and then the re-sentence in 2021 have complicated the computation of Mr. Sapp's federal court sentence because of his state court sentence which would have otherwise run concurrent to his sentence in this case because it broke the chain (or order) of events when his federal sentence was vacated.

16. Grand Prairie advised the parties in June 2021 that the intent of the parties, that Mr. Sapp will be near the end of his federal sentence, will be achieved if the Judgment in this case is amended to reflect that it is to be "concurrent to his state court case, case number C-16-311945-1."

17. Accordingly, the parties requested, on June 30, 2021 that the court amend the Judgment of Conviction in this case to reflect that Mr. Sapp's 90-month sentence be

SECOND STIPULATION TO AMEND JUDGMENT OF CONVICTION - 3

concurrent to his already expired 48 to 120 month sentence in case number C-16-311945-1 of the Eighth Judicial District Court.   [ECF 239.]

18.   The Court entered an Amended Judgment pursuant to the Stipulation of the parties on July 12, 2021 (ECF 241).

19.   When the Amended Judgment of Conviction reached the Bureau of Prisons, it did alter Mr. Sapp's release date, but only by 12 days.  The BOP website now lists Mr. Sapp's release date as October 26, 2024, instead of early November 2024.

20.   So, the parties had to meet and confer again to figure out how to solve this problem.  The government took the lead on speaking to an attorney for the Bureau of Prisons to figure out how the intent of the parties can be accomplished.

21.   The consensus is that an adjustment pursuant to USSG §5G1.3(b)(1) is required for the parties to achieve their negotiated intent with regard to Mr. Sapp's anticipated release date.

22.   Accordingly, the parties request that the Court enter a Second Amended Judgment of Conviction for Mr. Sapp adjusting his sentence from 90 months to 49 months.  The parties further recommend that the Court make no reference to the previous state sentences.   This will leave Mr. Sapp with a release date of November 2021, which was, and still is, the intended result of the parties.

23.   The parties do not believe a hearing is necessary unless this Court requires a hearing for the purpose of entering an Amended Judgement.

24.   Mr. Sapp expressly waives his right to have a hearing for the purpose of amending his Judgment of Conviction in the manner requested herein.

. . .

. . .

. . .

. . .

SECOND STIPULATION TO AMEND JUDGMENT OF CONVICTION - 4

. . .

25.     This second stipulation and joint request to amend the judgment of conviction is made because it properly reflects the intent of the parties and it is the product of much effort on the part of the parties and the Bureau of Prisons to get this right.

IT IS SO STIPULATED.

Dated:   August 16, 2021

| | |
|---|---|
| **The Law Offices of Kristina Wildeveld & Associates Nevada** | **Christopher Chiou Acting United States Attorney D.** |
| /s/ Lisa A. Rasmussen | /s/ Lisa Cartier-Giroux |
| By: Lisa A. Rasmussen, Esq. Counsel for Mario Sapp | By: AUSA Lisa Cartier-Giroux Counsel for Plaintiff USA |

### ORDER

Pursuant to the stipulation of the parties, and good cause appearing,

IT IS HEREBY ORDERED that the request to enter a Second Amended Judgment is hereby granted.   The court will amend the Judgment of Conviction consistent with this Stipulation.

Dated:   8/16/2021

_____
The Honorable Kent J. Dawson
United States District Judge

SECOND STIPULATION TO AMEND JUDGMENT OF CONVICTION - 5